IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

JENNIFER PRATT,

    Plaintiff,

v.                                                      Case No. 09-cv-2252 CM

JOSEPH PETELIN, M.D.,

    Defendant.

## **MEMORANDUM AND ORDER**

The Court has for consideration Plaintiff's Motion to Strike Defendant's Supplemental Disclosure of Expert Witnesses Pursuant to Rule 26(a)(2) (ECF No. 91). Plaintiff requests that the Court strike the designation of nine expert witnesses in Defendant's supplemental disclosures as untimely. Defendant justifies his designation of several treating physicians of Plaintiff as non-retained experts, because Plaintiff already designated them in her own expert disclosures. Defendant alternatively contends that his designation after the deadline set by the Scheduling Order is substantially justified, because testimony in early October 2010 by the expert witnesses retained by Plaintiff raised factual issues about their care and treatment of Plaintiff. The Court denies the motion to strike.

**I.    Background**

In this medical malpractice case Plaintiff seeks damages allegedly arising from the failure of Defendant to completely remove all thyroid and cancerous masses during her thyroidectomy. The Scheduling Order (ECF No. 19) set a deadline of June 1, 2010, for Defendant to serve his disclosures of expert testimony, pursuant to Fed. R. Civ. P. 26(a)(2). The Court extended the deadline to August 15 and then to August 31, 2010.

On May 28, 2010, Plaintiff served her expert disclosures pursuant to Rule 26(a)(2). She identified two retained experts, Dr. Barry Wenig, M.D. and Dr. R. Anders Rosendahl, M.D., F.A.C.S., and served the written report of Dr. Rosendahl. As indicated in the disclosures, Plaintiff produced the report of Dr. Wenig on June 1, 2010. Plaintiff also identified in her disclosures several non-retained expert witnesses. They included the following: Steven Rettinger, M.D., Michael Gaughan, M.D., Terry Lee, M.D., Milton Wolf, M.D., Bradd Silver, M.D., Terance Tsue, M.D., and "any other health care providers listed in Plaintiff's medical records" as witnesses at trial.[1]

On August 31, 2010, Defendant served his disclosure of expert testimony and the report for his sole retained expert witness, Dr. Richard Price.[2] The disclosure stated that Defendant reserved the right to designate an additional expert on or before September 7, 2010, pursuant to the stipulation of the parties as to the deadline.

Defendant deposed Drs. Rosendahl and Wenig, the experts designated by Plaintiff. The depositions occurred respectively on October 6, and 12, 2010. On those dates, Plaintiff also served supplemental expert reports upon Defendant.[3]

On October 26, 2010, the day of the final pretrial conference, Defendant served his Supplemental Disclosure of Expert Witnesses Pursuant to Rule 26(a)(2). It designated Dr. Price as his retained expert witness. It also listed nine non-retained expert witnesses. Defendant had not previously disclosed any of the nine as expert witnesses. In her own supplemental disclosures of

---

[1] Pl.'s Expert Disclosures, attached as Ex. A to Def. Petelin's Resp. (ECF No. 93-1).

[2] *See* Def.'s Disclosure of Expert Witnesses Pursuant to Fed. R. Civ. P. 26(a)(2) (ECF No. 71).

[3] *See* Pl.'s Certificates of Service (ECF Nos. 84 and 86).

May 28, 2010, however, Plaintiff had designated six of the identified physicians as non-retained experts.

## II.     Request to Strike Defendant's Supplemental Disclosures Served on October 26, 2010

Plaintiff asks the Court to strike Defendant's supplemental disclosures of October 26, 2010 as untimely, served without leave, and because they identify treating physicians who have no bearing on the contentions of Defendant, as shown in the Pretrial Order.  In opposition, Defendant argues that he is not required to disclose these experts, because Plaintiff had already identified them as experts in her disclosures.   He states that, as a courtesy to Plaintiff and the Court, he also designated them after the testimony given by the two expert witnesses of Plaintiff.  Defendant argues that their testimony raised issues relevant to the roles of the health care providers in treating and caring for Plaintiff.  He asks the Court to deny the motion and allow his supplemental designation of expert witnesses.  In the alternative he asks for leave to designate them as non-retained expert witnesses, because they were listed by Plaintiff in her May 28, 2010 disclosures.  Defendant asks that he otherwise be granted leave to supplement his original designation to include them.

Federal Rule of Civil Procedure 26(a)(2) governs the disclosure of expert testimony. It provides, in relevant part, that "a party must disclose to the other parties the identity of any witness it may use at trial to present evidence under Federal Rule of Evidence 702, 703, or 705.[4]  In conjunction with Rule 26(a)(2), District of Kansas Rule 16.2(e)(5) expressly requires the designation of witnesses expected to testify as experts at trial.[5]  A party must make these expert disclosures at

---

[4] Fed. R. Civ. P. 26(a)(2)(A).

[5] Kan. Rule 16.2(e)(5) ("Witnesses expected to testify as experts must be so designated.").

the times and in the sequence that the court orders.[6]  In this case, the Court ordered Defendant to serve his expert disclosures of expert testimony by August 31, 2010.  On that date Defendant served his expert disclosure and report for his retained expert witness, Dr. Price.  Almost two months later Defendant served his supplemental expert disclosures as his first designation of the nine non-retained expert witnesses.  For Defendant to use any of the nine non-retained expert witnesses, first identified in his October 26, 2010 supplemental disclosures, to present scientific, technical or other specialized knowledge evidence as provided in Fed. R. Evid. 702, 703, or 705, he was required to disclose their identities by deadline set in the Scheduling Order.

Fed. R. Civ. P. 37(c)(1) addresses the failure of timely service of disclosures of expert testimony.  That Rule provides that a party failing to provide information or identify a witness as required by Rule 26(a) or (e) "is not allowed to use that information or witness to supply evidence on a motion, at a hearing, or at a trial, unless the failure was substantially justified or is harmless."[7]

As the party whose disclosures were past the deadline, Defendant bears the burden to establish that the untimeliness was substantially justified.[8]  If Defendant fails to meet his burden, then the court must determine whether the untimely disclosure was harmless to Plaintiff.[9]  Failure to disclose is considered harmless when there is no prejudice to the party entitled to disclosure.[10]  Whether a Rule 26(a)(2) violation is substantially justified or harmless lies within the broad

---

[6] Fed. R. Civ. P. 26(a)(2)(D).

[7] Fed. R. Civ. P. 37(c)(1).

[8] *Burton v. R.J. Reynolds Tobacco Co.*, 203 F.R.D. 636, 639 (D. Kan. 2001).

[9] *Id.*

[10] *Id.*

discretion of the district court.[11] In determining whether a Rule 26(a) violation is substantially justified or harmless, the following factors guide the court's discretion: (1) the prejudice or surprise to the party against whom the testimony is offered; (2) the ability of the party to cure the prejudice; (3) the extent to which introducing such testimony would disrupt the trial; and (4) the moving party's bad faith or willfulness.[12]

Defendant argues that his untimely disclosure was substantially justified, because testimony obtained in early October 2010 from the expert witnesses of Plaintiff raised factual issues within the purview of the care and treatment of Plaintiff by her treating physicians. Defendant points specifically to the deposition of Dr. Rosendahl, who testified that the appearance of the excised thyroid gland would not necessarily have alerted a pathologist that some thyroid tissue remained within Plaintiff. Dr. Rosendahl further opined about the orientation of the tumor as it related to the thyroid of Plaintiff, based upon radiology reports prepared before her initial surgery. Dr. Wenig testified about the radiological and pathological studies related to the surgery performed on Plaintiff. Defendant states that none of the testimony about the pathology and radiology was disclosed in Plaintiff's expert designation of either Dr. Rosendahl or Dr. Wenig. Only after their depositions in early October 2010 did Defendant become aware of issues that could only be addressed by the radiologists and pathologist who treated Plaintiff. Defendant argues that his supplemental designation of these health care providers does nothing more than maintain the *status quo,* set by Plaintiff when she herself disclosed these health care providers.

---

[11] *Woodworker's Supply v. Principal Mut. Life Ins. Co.*, 170 F.3d 985, 993 (10th Cir. 1999).

[12] *Jacobsen v. Deseret Book Co.*, 287 F.3d 936, 953 (10th Cir. 2002).

The Court finds that Defendant has shown that his disclosure of expert witnesses out of time is substantially justified. He need only show substantial justification for his failure to serve the disclosures by the deadline set in the Scheduling Order and subsequently extended. He has explained that it was only after the deposition of Drs. Rosendahl and Wenig in early October 2010 that he realized the need to designate Plaintiff's health care providers as his own expert witnesses.

As Defendant has shown that his untimely disclosure was substantially justified, he need not also show that his untimeliness is harmless to Plaintiff.[13] The Court nevertheless finds that the risk of surprise and prejudice to Plaintiff from the untimely designation is either non-existent or minimal. All of the experts in question have provided health care to Plaintiff. Plaintiff herself designated six of them as her own non-retained experts. Thus they are equally available to either party. The medical records also contain to some extent their opinions. The fact that Plaintiff listed them mitigates against any prejudice that might otherwise result from untimely disclosures. Any prejudice to Plaintiff, if it exists, can be cured by requiring Defendant to serve supplemental expert disclosures that comply with Fed. R. Civ. P. 26(a)(2)(C), as amended effective December 1, 2010,[14] and by allowing additional time for depositions of these experts, if necessary. Ample time remains before the trial setting of April 4, 2011. Finally, Plaintiff has not alleged, nor does the Court find, that Defendant has acted in bad faith or willfully in failing to comply with Rule 26(a)(2)(B).

---

[13] *See* Fed. R. Civ. P. 37(c)(1) ("If a party fails to provide information . . . as required by Rule 26(a) or (e), the party is not allowed to use that information or witness to supply evidence on a motion, at a hearing, or at a trial, unless the failure was substantially justified *or* is harmless.") (emphasis added).

[14] Effective December 1, 2010, Fed. R. Civ. P. 26(a)(2)(C) now requires, for expert witnesses not required to provide a written report under Rule 26(a)(2)(B), that the disclosure must state: (i) the subject matter on which the witness is expected to present evidence under Fed. R. Evid. 702, 703 or 705; and (ii) a summary of the facts and opinions to which the witness is expected to testify.

**IT IS THEREFORE ORDERED THAT** Plaintiff's Motion to Strike Defendant's Supplemental Disclosure of Expert Witnesses Pursuant to Rule 26(a)(2) (ECF No. 91) is denied, as set forth herein.

Dated this 29th day of December 2010, at Kansas City, Kansas.

S/ Gerald L. Rushfelt
Gerald L. Rushfelt
U.S. Magistrate Judge