# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS

| | | |
|---|---|---|
| JENNIFER PRATT, | ) | |
| | ) | |
| Plaintiff, | ) | Civil Action |
| | ) | |
| v. | ) | Case No. 09-2252-GLR |
| | ) | |
| JOSEPH PETELIN, M.D., | ) | |
| | ) | |
| Defendant. | ) | |

## MEMORANDUM AND ORDER

On the 31st day of March 2011, the above-captioned matter came before the Court for an *in limine* conference and for consideration of pending motions. Plaintiff appeared by Jeffrey D. Rowe and John W. Witten, her attorneys. Defendant appeared by Mark A. Lynch and Kyle R. Ramsey his attorneys.

The Court overruled Plaintiff's Motion to Prohibit Certain Opinions by Defendant's Non-Retained Expert Witnesses (ECF No. 101) for the reasons stated in the memorandum of Defendant. After hearing statements and arguments of counsel, the Court also overruled Plaintiff's Motion to Prohibit Standard of Care Opinions by Defendant's Retained Expert Witness, Richard Price, M.D. (ECF No. 102). The Court took the remaining motions under advisement and now rules as follows:

The Court sustains in part and overrules in part Plaintiff's Motion *in Limine* (ECF No. 110) as follows: The Court sustains the motion as unopposed with regard to Items No. 1, 2, 3, 5 through 9, 11, and 13, 14, and 15. Sustaining the motion as to Item 2 will not preclude evidence to prove a prognosis that the cancer of Plaintiff was unchanged by the alleged negligence of Defendant.

The Court sustains in part and overrules in part Plaintiff's motion with regard to Item No. 4. The Court sustains it against any hearsay testimony by Defendant that Dr. Lee stated his report

may have been misleading. The Court otherwise overrules the motion as to Item No. 4.

The Court sustains in part and overrules in part Plaintiff's motion with regard to Item No. 10. Without objection the Court sustains it against any opinion or expert testimony from any witness who was not identified as an expert. For the reasons stated by Defendant, however, the Court overrules the motion as to opinion or expert testimony by Dr. Petelin himself.

The Court overrules Plaintiff's motion as to Item No. 12 for the same reasons it has overruled her other two motions, as hereinabove stated.

The Court sustains in part and overrules in part Defendant Joseph B. Petelin, M.D.'s, Motion In Limine (ECF No. 111). Without objection it sustains the motion as to Item Nos. 1, 2, 5, 6, 8, 9, 13, 14, 18, and 19.

The Court sustains in part and overrules in part Defendant's motion as to Item No. 3. Without objection it sustains the motion against any testimony by Dr. Tsue that would attack qualifications of Defendant to perform a total thyroidectomy. The Court otherwise overrules the motion with regard to personal practice of an expert witness.

The Court sustains Defendant's motion as to Item No. 4 for the reasons he has stated.

The Court sustains Defendant's motion as to Item No. 7. Hearsay statements are not admissible over proper objection, unless they are covered by an exception in the Federal Rules of Evidence. The Rules permit evidence of a statement made out of court, if simply to prove it was made, and not for the truth of its content. The statements identified by Item 7, however, relate to prospective medical conditions and treatment that appear to be either speculative or non-existent. Any testimony by Plaintiff that they caused her anxiety or mental suffering would first require a showing "that a substantial possibility exists" for those conditions or treatment to occur. *Tamplin v. Star Lumber & Supply Co.*, 251 Kan. 300, 836 P. 2d 1102, 1108 (1992). A reason for the rule

may reflect the requirement that any damages suffered by Plaintiff must be directly caused by the Defendant.

The Court sustains Defendant's motion as to Item No. 10 against any expert testimony by Plaintiff or fact witnesses. This does not prohibit a fact witness from testifying about relevant conduct of Defendant or the symptoms of Plaintiff that may be observable without expert testimony

The Court overrules Defendant's motion as to Item No. 11 for the reasons stated by Plaintiff.

The Court sustains Defendant's motion as to Item No. 12 for the reasons stated and cases cited in his motion.

The Court sustains Defendant's motion as to Item No. 15 against any evidence that removal of parathyroid glands caused Plaintiff any injury. This does not, however, prohibit evidence of their removal.

The Court overrules Defendant's motion as to Item Nos. 16, 17, 20, 22, and 23 for the reasons stated by Plaintiff.

The Court sustains in part and overrules in part Defendant's motion as to Item No. 21. It sustains the motion as to evidence that criticizes Dr. Paley. It overrules the motion with regard to the discharge summaries.

The Court sustains Defendant's Motion for Leave to Supplement His Rule 26(A)(3) and (A)(2) Disclosures (ECF. No. 116) for the reasons stated in the motion and by Defendant at oral argument. Federal Rule of Civil Procedure 26 does not specifically address whether or not a defendant medical doctor in a professional malpractice case may testify as an expert witness about the medical procedures he performed and the standard of care required of him, when he has not specifically designated himself as an expert witness. In the instant case Defendant Dr. Petelin denies that he was negligent. He has been designated throughout the case as a witness who would testify

"on subjects related to liability, causation, and plaintiff's damages. He is expected to testify consistently with his discovery responses and deposition testimony." (ECF, No. 116-1, p. 1, No. 116-4, p. 5.) Discovery included the deposition of Defendant, taken by Plaintiff on April 7, 2010. It included substantial inquiry and testimony regarding the professional standard of care required for the surgery that he performed on Plaintiff. The Court finds that Defendant has adequately complied with Rule 26(a)(2), notwithstanding his failure to specifically label himself as an expert witness. For these reasons the Court sustains the motion.

**IT IS THEREFORE ORDERED THAT** Plaintiff's Motion *in Limine* (ECF No. 110) is sustained in part and overruled in part.

**IT IS FURTHER ORDERED THAT** Defendant Joseph B. Petelin, M.D.'s Motion in Limine (ECF No. 111) is sustained in part and overruled in part.

**IT IS FURTHER ORDERED THAT** Defendant's Motion for Leave to Supplement His Rule 26(A)(3) and (A)(2) Disclosures (ECF. No. 116) is sustained.

Dated in Kansas City, Kansas on this 1st day of April, 2011.

S/ Gerald L. Rushfelt
Gerald L. Rushfelt
United States Magistrate Judge