# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS

| | | |
|---|---|---|
| JENNIFER PRATT, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 09-cv-2252-GLR |
| | ) | |
| JOSEPH PETELIN, M.D., | ) | |
| | ) | |
| Defendant. | ) | |

## MEMORANDUM AND ORDER

Pending before the Court is Defendant's Motion for Leave to Interview Jurors (ECF No. 150). Defense counsel requests leave to interview jurors, pursuant to the Court's oral order of April 11, 2011, wherein the Court ruled that such contact by the parties or counsel would be prohibited without further order of the Court. Specifically, defense counsel indicates that they would like to communicate with jurors to learn information about the evidentiary issues they found most persuasive and most difficult, as well as the arguments and conduct of counsel that were most and least effective.

Plaintiff opposes the motion. She argues that Defendant's motion appears to be little more than a thinly-veiled attempt to inquire into the deliberations of the jury and to engage in a post-trial "fishing expedition." In light of the policy considerations involved with such a request, including protecting jurors from harassment and preserving the finality of judgments, she asks that the Court deny Defendant's motion. She further argues that there is no evidence of any "extreme circumstance" to justify the requested order permitting interviews with the jurors. However, to the extent the Court is inclined to grant Defendant's motion, Plaintiff requests that both counsel for Plaintiff and Defendant be present at all times during any request for interview, and during any

interview itself, to ensure strict compliance with D. Kan. Rule 47.1.

In his reply, Defendant argues that communication with jurors is permitted by order of the Court under D. Kan. Rule 47.1(a)(1). He further points out that the current language of D. Kan. 47.1 does not require a showing of good cause in order to communicate with jurors. He further objects to Plaintiff's suggestion that communication with jurors involve the concurrent presence of both parties. Rather, the Court would best address Plaintiff's concern by incorporating in its order an admonishment to comply with the restrictions enumerated in D. Kan. 47.1(b). This would more efficiently ensure "strict compliance with Local Rule 47.1," as Plaintiff requests.

District of Kansas Rule 47.1, which governs communications with jurors after trial, was amended effective March 17, 2010 to its current version.[1] The amendment does not appear to be substantive, but merely to improve clarity and give better emphasis to each of its individual parts. D. Kan. Rule 47.1 now provides as follows:

> (a) **Court Order Required**. No one--including the parties, their attorneys, or the agents or employees of either--is permitted to examine or interview any juror, either orally or in writing, except:
> (1) by order of the court in its discretion; and
> (2) under such terms and conditions as the court establishes.
>
> (b) **Restrictions on Interviews**. If the court permits examination or interviews of jurors, the following restrictions apply, in addition to any other restrictions the court imposes:

---

[1]The pre-2010 version of D. Kan. Rule 47.1(b) states:

Under no circumstances except by order of the court in its discretion, and under such terms and conditions as it shall establish, shall any party or any party's attorney or their agents or employees examine or interview any juror, either orally or in writing, nor shall any juror consenting to be interviewed disclose any information with respect to the specific vote of any juror other than the juror being interviewed, or the deliberations of the jury.

> (1) Jurors may refuse all interviews or comments.
> (2) If a juror refuses to be interviewed or questioned, no person may repeatedly ask for interviews or comments.
> (3) If a juror agrees to an interview, he or she must not disclose any information with respect to:
>> (A) the specific vote of any juror other than the juror being interviewed; or
>> (B) the deliberations of the jury.

Plaintiff has cited a number of cases from this District denying similar motions to interview jurors.[2] In these cases, the courts have relied upon the policy considerations underlying D. Kan. Rule 47.1 and Fed. R. Evid. 606(b) that include "the protection of jurors from harassment and preserving the finality of judgments."[3]

In *Green Construction Co. v. Kansas Power & Light Co.*,[4] the Tenth Circuit affirmed the district court's denial of a motion requesting leave to allow post-trial communication with the jury in order to determine whether the jurors were influenced by outside factors. The court noted that district courts have "wide discretion" to restrict attorney-juror contact in order to shield jurors from post-trial "fishing expeditions" by losing attorneys.[5] In ruling on motions to interview jurors after

---

[2] *See, e.g., United States v. Weidner*, No. 02-40140-01/02-JAR, 2003 WL 21938996 (D. Kan. Aug. 1, 2003) (Robinson, J.) (denying motion for leave to interview jurors based on local rules, rules of evidence, and policy considerations); *Farr v. Midwest Woodworking, Inc.*, No. 99-2526-JAR, 2002 WL 31466746 (D. Kan. Oct. 30, 2002) (Robinson, J.) (same); *Kinser v. Gehl Co.*, No. 96-2361-EEO, 1998 WL 171271 (D. Kan. Mar. 18, 1998) (O'Connor, J.) (denying motion for leave to interview jurors where movant failed to articulate sufficient justification for interviews); *United States v. Dunn*, 961 F. Supp. 249, 250-51 (D. Kan. 1997) (Saffels, J.) (providing that interviews of jurors are not favored, except in extreme circumstances); *Green Const. Co. v. Kan. Power & Light Co.*, 759 F. Supp. 739 (D. Kan. 1991), *aff'd,* 1 F.3d 1005 (10th Cir. 1993) (denying motion for order allowing communication with jurors).

[3] *Weidner*, 2003 WL 21938996, at *1.

[4] 1 F.3d 1005, 1011-12 (10th Cir. 1993).

[5] *Id.*

trial, "the district court must balance the losing party's right to an impartial jury against the risks of juror harassment and jury tampering."[6]

Having reviewed the motion, the Court, in the exercise of its discretion, finds that the motion should be denied. The motion neither asserts, nor is there any indication, that the juror interviews are sought because jurors were exposed to extraneous prejudicial information or improper outside influence during their jury deliberations. The motion appears to be only an effort to pursue post-trial self-education for the benefit of trial counsel and the client. The Court has no disagreement with that motivation. Laudable as the suggestion may be, however, the Court does not read into the local rule either a purpose, an expectation, or perhaps even a tolerance for such an exception. Consistent with the weight of authority in this District, the Court finds that the reasons asserted for interviewing jurors do not outweigh the policy considerations that underlie the local rule and Fed. R. Evid. 606(b).

**IT IS THEREFORE ORDERED THAT** Defendant's Motion for Leave to Interview Jurors (ECF No. 150) is denied.

Dated in Kansas City, Kansas on this 29th day of April, 2011.

S/ Gerald L. Rushfelt
Gerald L. Rushfelt
United States Magistrate Judge

---

[6]*Id.* (citing *Tanner v. United States*, 483 U.S. 107, 126-27 (1987); *Delvaux v. Ford Motor Co.*, 764 F.2d 469, 471-72 (7th Cir. 1985)).